UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOANNA DENSMORE, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v.  ) | No. 2:15-cv-346-JDL |
| ) | |
| COLBY-SAWYER COLLEGE, ) | |
| ) | |
| Defendant ) | |

*RECOMMENDED DECISION ON MOTIONS TO TRANSFER AND TO DISMISS*

The defendant, Colby-Sawyer College, located in New London, New Hampshire, moves to dismiss this action for lack of personal jurisdiction. In the alternative, it asks that this action be transferred to the District of New Hampshire. I recommend that the court grant the motion to transfer, thereby mooting the motion to dismiss.

**I. Applicable Legal Standard**

The motion to dismiss invokes Fed. R. Civ. P. 12(b)(2). Defendant's Motion to Dismiss or, In the Alternative, Motion for Transfer ("Motion") (ECF No. 9) at 1. A motion brought under this subsection of Rule 12 alleges lack of personal jurisdiction. Such a motion raises the question of whether a defendant has "purposefully established minimum contacts in the forum State." *Hancock v. Delta Air Lines, Inc.,* 793 F. Supp. 366, 367 (D. Me. 1992) (citation and internal quotation marks omitted).

The plaintiff bears the burden of establishing jurisdiction; however, where (as here) the court rules on a Rule 12(b)(2) motion without holding an evidentiary hearing, a *prima facie* showing suffices. *Archibald v. Archibald*, 826 F. Supp. 26, 28 (D. Me. 1993). Such a showing requires more than mere reference to unsupported allegations in the plaintiff's pleadings. *Boit v.*

1

*Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992).  However, for purposes of considering a Rule 12(b)(2) motion, the court will accept properly supported proffers of evidence as true.  *Id*.

## II.  Factual Background

The complaint sets forth the following relevant factual allegations.  Plaintiff JoAnna Densmore is a resident of Maine.  Plaintiffs' Complaint and Demand for Jury Trial ("Complaint") (ECF No. 1) ¶ 2.  Plaintiff Julia Shriver is a resident of Massachusetts.  *Id*. ¶ 3.  Plaintiff Kristina Fuccillo is a resident of Rhode Island.  *Id*. ¶ 4.  At all relevant times, the plaintiffs were students in the undergraduate nursing program offered by the defendant, Colby-Sawyer College ("the college"), a private, post-secondary educational institution located in New London, New Hampshire.  *Id*. ¶¶ 1, 5.

In the spring of their sophomore year, nursing students at the college typically complete a clinical course, "Health Assessment and Fundamental Nursing Skills," identified as NURS 230.  *Id*. ¶ 12.  The course is conducted at Dartmouth-Hitchcock Medical Center, which limits participation to 36 students per year.  *Id*. ¶¶ 12, 18.  For the Class of 2016, of which the plaintiffs were members, the college admitted approximately 100 students who intended to major in nursing, and 51 remained academically eligible to continue in that program in the spring of their sophomore year, including the plaintiffs.  *Id*. ¶ 22.  All of these students were required to take and pass NURS 230 in January 2014.  *Id*. ¶ 23.

The college offered 36 students in the Class of 2016 the opportunity to take NURS 230 during the spring 2014 semester, and offered alternative paths to the 15 remaining nursing students, including the plaintiffs.  *Id*. ¶¶ 25, 29.  The alternatives were to take NURS 230 in a 12-week summer session, either alone or with two co-requisite courses (microbiology and pharmacology), or to take the course during the spring 2015 semester along with members of the Class of 2017, thereby delaying graduation by a year.  *Id*. ¶ 26.  The plaintiffs chose to take the co-requisite

courses in the Spring 2014 semester and to take NURS 230 in the summer session, at an additional cost of $1,800 tuition and $100 per week for room and board for the summer session. *Id*. ¶¶ 27, 29-30.

The plaintiffs were in a group of five students who took the summer session NURS 230 course in 2014. *Id*. ¶ 31. On July 30, 2014, the five students were informed by the professor supervising their clinical work that they were at risk to fail the clinical component of the course. *Id*. ¶ 60. Shortly thereafter, each plaintiff received formal notification that she would fail the clinical portion of NURS 230, and all three were instructed not to attend the remaining clinical or laboratory sessions of the course. *Id*. ¶ 61. These actions were part of a strategy by the college to reduce the number of nursing majors in the Class of 2016. *Id*. ¶ 66.

The plaintiffs appealed their failing grades in NURS 230 in accordance with internal procedures of the college. *Id*. ¶ 69. The appeals were denied. *Id*. The college offered the plaintiffs the option to retake NURS 230, which was a required prerequisite to all of the remaining clinical courses in the nursing program, during the spring 2015 semester. *Id*. ¶¶ 70, 71.

### III.  Discussion

#### A.  The Motion to Transfer

The defendant moves, in the alternative, to transfer this case to the District of New Hampshire. Motion at 11-12. The motion to transfer invokes 28 U.S.C. § 1404(a). *Id*. at 11. That statute provides this court with discretion to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a); *see also Stewart Org., Inc.. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (describing the discretionary nature of § 1404 analysis). Factors to be considered in addressing a motion to transfer a case include the convenience of the parties and witnesses and "the availability of documents." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). There is also, in the

First Circuit, "a strong presumption in favor of the plaintiff's choice of forum." *Id*. However, that presumption is not determinative and may be outweighed by the interest of justice or by the convenience of the parties and witnesses. *Banjo Buddies, Inc. v. Renosky*, 156 F.Supp.2d 22, 24 (D. Me. 2001).

It cannot be disputed that this case could have been brought in the District of New Hampshire. The events that gave rise to this action occurred in New Hampshire. Most of the witnesses are in New Hampshire. None of the plaintiffs resides in New Hampshire, Complaint ¶¶ 2-4, so the diversity jurisdiction under 28 U.S.C. § 1332 that is alleged as the basis of the complaint, *id*. ¶ 6, would be present in District of New Hampshire. Two of the three plaintiffs do not reside in Maine. The plaintiffs have not contested any of these facts. The location of relevant documents is of little weight, now that electronic documents have alleviated the need for storage of paper records and have simplified the transfer of documents to the court, *see generally Edens Techs., LLC v. Kile, Goekjian, Reed & McManus, PLLC,* 671 F.Supp.2d 170, 173-75 (D. Me. 2009), but presumably most relevant documents are located at the college in New Hampshire.

While the plaintiffs' choice of the District of Maine is entitled to deference, that factor does not outweigh the other factors listed above. Also significant in this case is the fact that, should the case remain in the District of Maine, only some of the claims raised in the complaint could be resolved, for the reasons that follow, while the court in the District of New Hampshire may well conclude that it has jurisdiction over all of the claims, thereby serving the interest of justice by resolving all of the plaintiffs' claims in one proceeding. If the action is transferred, the motion to dismiss, which is based on the continued existence of the action in the District of Maine, will be moot.

**B. The Motion to Dismiss**

The complaint alleges breach of contract (Count IV), quasi contract (Count V), intentional misrepresentation (Count VI), and negligent misrepresentation (Count VII) as to all three plaintiffs, and one count for each individual plaintiff alleging deceptive trade practices under the relevant statute in the state of her residence (Counts I-III). If the motion to dismiss were to be decided in this court, the following analysis would apply.

Personal jurisdiction can be either general or specific. General jurisdiction is present when a defendant has maintained a continuous and systematic linkage with the forum state (Maine in this case) that brings it within the general jurisdiction of that state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum state. *Lynch v. Western Express, Inc.*, No. 2:12-cv-316-DBH, 2013 WL 1687698, at *3 (D. Me. Mar. 15, 2013). Specific jurisdiction exists when the plaintiff's claim relates sufficiently to, or arises from, a significant set of contacts between the defendant and the forum state. *Id.* Specific jurisdiction has three categories: relatedness, purposeful availment, and reasonableness. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir. 2008).

**1. General Jurisdiction**

The defendant contends that this court does not have general jurisdiction over it because the complaint's allegation that it "purposefully availed itself of conducting business in Maine by recruiting Maine residents as students, advertising its educational programs in Maine, and maintaining a website accessible to Maine residents," Complaint ¶ 8, "is insufficient to bestow general jurisdiction on this Court[.]" Motion at 3. It cites case law from the federal district courts of four other states in support of this proposition. It then lists the following facts in support of its position:

5

1. It is not incorporated, registered, licensed, or authorized to do business in Maine.

2. It does not maintain an office or facility in Maine.

3. It does not have any officers or employees in Maine, and does not maintain a registered agent in Maine.

4. It does not own property or maintain a bank account, a post office box, a mailing address, or a telephone listing in Maine.

5. It obtains no direct revenue from products sold or services rendered in Maine,[1] and none of its activities are controlled by any entity in Maine.

6. It does not file tax returns or any administrative reports in Maine.

*Id*. at 4-5.

In response, the plaintiffs cite *Hahn v. Vermont Law Sch.*, 698 F.2d 48, 51 (1st Cir. 1983). Plaintiffs' Opposition to Defendant's Motion to Dismiss and Motion for Transfer ("Opposition") (ECF No. 10) at 3. However, *Hahn* involved the construction of a Massachusetts statute limiting the exercise of personal jurisdiction to a cause of action arising from a defendant's transacting business in the state, 698 F.2d at 49-50, and the First Circuit clearly considered the case to concern specific personal jurisdiction rather than general. *Id*. at 51. *See United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992) (citing *Hahn* in a discussion of specific jurisdiction).

With respect to general jurisdiction, the plaintiff proffers the following evidence:

1. The college has recruited and accepted Maine students.

2. The college has advertised in Maine through its website and its annual participation in at least one college fair in Maine.

---

[1] It is unlikely that any college would sell "products" in any jurisdiction.

3. The college sends admission letters to applicants in Maine and then targets these applicants with follow-up communications to convince them to pay an enrollment deposit.

Opposition at 3-4.

This is not enough to establish general jurisdiction, for which the legal standard is "considerably more stringent." *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 32 (1st Cir. 2010) (general jurisdiction not available where defendant hospital advertised in forum state, operated website accessible in forum state, registered to do business in forum state, employed one person in forum state, participated in regional patient transfer program that included forum state, contracted with hospital in forum state, and treated "substantial number" of residents of forum state, *id*. at 33, 39). *See also, e.g., Rodi v. Southern New England Sch. of Law*, 255 F.Supp.2d 346, 350-51 (D. N.J. 2003).

**2. Specific Jurisdiction**

The First Circuit's opinion in *Hahn* comes into play with respect to specific jurisdiction. The defendant contends that *Hahn* is distinguishable because "the contacts Colby-Sawyer had with Densmore in Maine during the admissions process are irrelevant to her claims which arise out of events after she was enrolled—in New Hampshire." Defendant's Reply to Plaintiffs' Objection to Motion to Dismiss or, in the Alternative, Motion for Transfer ("Reply") (ECF No. 11) at 4.

*Hahn* is not in fact distinguishable from the instant case. In *Hahn*, the plaintiff was in his third year of law school when he received a grade of "F" in a course entitled "Secured Transactions." 698 F.2d at 49. After unsuccessfully pursuing administrative channels within the school to have the grade changed, he sued the school, alleging, *inter alia*, breach of contract. *Id*. In the instant case, the plaintiffs were give failing grades in NURS 230, exhausted administrative channels to have the grade changed, and now sue alleging, *inter alia*, breach of contract. Complaint ¶¶ 61, 69, 83-92.

7

The First Circuit held in *Hahn* that the breach of contract claim "arose from" the school's "purposeful actions" of mailing to the plaintiff in the forum state application information and an acceptance letter.  698 F.2d at 51.  While in the present case the contract term allegedly breached in "an obligation to [the college's] students to abide by its written guidelines, policies, and procedures," Complaint ¶ 84, and in *Hahn* the court held that the terms of the contract at issue "m[ight] include statements contained in the application information and acceptance letter," 698 F.2d at 51, that variance does not appear to be so significant as to make the holding of *Hahn* inapplicable here.

It may well be, as the defendant suggests, Motion at 6-8; Reply at 4, that some other jurisdictions differ with the First Circuit on this issue, and even that *Hahn* "has been called into question" by a judge in the District of Maryland, Motion at 7, but the fact remains that First Circuit precedent binds this court unless and until the First Circuit itself overrules that precedent.  The defendant invites this court, nonetheless, Motion at 8, to reject *Hahn* based on a statement in *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118 (1st Cir. 2006), that "the mere fact that a plaintiff entered into a contract with a defendant in the forum state is not in and of itself dispositive of the personal jurisdiction question."  *Id.* at 136.

This court should decline the invitation.  *Hahn* is not based on a finding that the mere fact that the plaintiff student and the defendant school may have entered into a contract in the forum state bestows personal jurisdiction upon the federal court in the forum state.  The *Hahn* opinion does not rely upon the location at which the parties entered into the contract; it deals only with the question of whether the federal court in the forum state could exercise personal jurisdiction over the defendant school when the cause of action arose out of the defendant school's contacts with the plaintiff in the forum state.

The question is a close one, but I conclude that *Hahn* directs that this court has specific personal jurisdiction in this matter, at least as to Densmore, the plaintiff from Maine.

### 3. Claims of Shriver and Fuccillo

The defendant asserts that, even if this court has specific personal jurisdiction over the claims for breach of contract and violation of Maine law brought by the Maine plaintiff, JoAnna Densmore, it does not have personal jurisdiction of any sort over any of her other claims or any claims of the other plaintiffs. Motion at 10-11. The plaintiffs respond that the court, if it has jurisdiction over some of Densmore's claims, has pendent personal jurisdiction over all of the other claims asserted in the complaint. Opposition at 6-7. The defendant replies that the doctrine of pendent personal jurisdiction applies only to multiple claims of a single plaintiff and not to the claims of other plaintiffs. Reply at 5-6. It appears by this argument to concede, correctly, that this court could have jurisdiction over all of Densmore's claims, at least. *See Jones v. Fairbank Reconstr. Corp.*, No. 2:11-cv-437-GZS, 2012 WL 3990089, at *4 (D. Me. Sept. 11, 2012).

Densmore's claims, other than those for breach of contract and violation of Maine law, arise out of a common nucleus of operative facts, as demonstrated by the complaint. Nothing further is needed for this court to exercise pendent personal jurisdiction over the defendant as to those claims, *id.,* and I would recommend that the court do so.

However, the defendant is correct about the scope of the doctrine of pendent personal jurisdiction. It applies to causes of action brought by a single plaintiff, not to claims raised by additional plaintiffs over whom the forum court would not otherwise have personal jurisdiction. I have concluded that the plaintiffs have not established that this court has general jurisdiction over the defendant. They have not attempted to establish specific jurisdiction over any claims other than those of Densmore. When there are multiple plaintiffs in an action, each must show that her

9

claims arise out of or are related to the defendant's contacts with the forum state. *See, e.g., Tulsa Cancer Institute, PLLC, v. Genentech Inc.,* Case No. 15-CV-157-TCK-TLW, 2016 WL 141859, at *3 (N.D. Okla. Jan. 12, 2016). "The doctrine of pendent personal jurisdiction does not negate Plaintiffs' obligation to establish jurisdiction based on the relationship between Defendant, the forum, and each Plaintiff's claims." *Id*. at *4.

On the showing made, and if the court does not adopt my recommendation that the motion to transfer be granted, the motion to dismiss for lack of personal jurisdiction should be granted as to plaintiffs Shriver and Fuccillo.

### IV.  Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the motion to transfer this action to the District of New Hampshire, rendering moot the defendant's motion to dismiss for lack of personal jurisdiction in the District of Maine.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of March, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge